# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HEENA SHIM-LARKIN,**<br>Plaintiff**,**<br>vs.<br>**CITY OF NEW YORK,**<br>Defendant**.** | CASE NO. 17-mc-80019-YGR<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER**<br><br>Re: Dkt. No. 21 |

Plaintiff brings this miscellaneous action in the Northern District of California to compel compliance with a subpoena issued against third-party Remind, a technology company located in this district, stemming from her pending litigation in the Southern District of New York ("SDNY"). (*See* Dkt. No. 1-1 at 10 (subpoena issued to Remind in *Shim-Larkin v. City of New York*, No. 16-CV-6099 (S.D.N.Y. Sept. 29, 2016)).) The case was originally assigned to Magistrate Judge Donna M. Ryu, where plaintiff filed a motion to compel compliance with her subpoena, for sanctions, and for transfer of the enforcement action to the SDNY. (Dkt. No. 5.)[1] Magistrate Judge Ryu denied the latter two but granted in part plaintiff's motion to compel. (Dkt. No. 20.)

Now before the Court is plaintiff's motion for relief from Magistrate Judge Ryu's denial of her motion to transfer and denial in part of her motion to compel. (Dkt. No. 21.) Plaintiff does not seek relief from Magistrate Judge Ryu's order denying her motion for sanctions.

---

[1] In a related action, Case No. 17-mc-80022, Remind also filed a motion to quash the subpoena and a motion to consolidate the cases. Magistrate Judge Ryu granted in part the motion to quash and denied the motion to consolidate as moot. (Dkt. No. 20.) Such orders are not at issue here.

Having carefully reviewed the pleadings, the papers submitted on this motion, Magistrate Judge Ryu's order, and the transcript of the proceedings held on April 27, 2017, and for the reasons set forth more fully below, the Court **DENIES** plaintiff's motion.

## I. BACKGROUND

In the underlying lawsuit in the SDNY, plaintiff is suing her former employer, the City of New York Department of Parks and Recreation for wrongful termination, discrimination, harassment in a hostile work environment, and other related claims. Relevant to this motion, plaintiff alleges that she, and others in the department, used a phone-based application developed by Remind to communicate with each other, and their supervisor, Marty Kravitz, during her employment. Plaintiff believes that such communications between Kravitz and other employees are relevant to establishing that Kravitz discriminated against her due to her race and her disabilities.

On such bases, plaintiff issued a subpoena on Remind seeking: (1) "Every [sic] account information of M. Kravitz;" and (2) "[a]ll of his message history with others from 6/30/2015 through 2/1/2016." (Dkt. No. 6, Exhibit 1.) Kravitz's message history indicated that he sent messages through Remind to at least 472 people. The record reflects that Remind worked with plaintiff to narrow such requests using specific search terms, and Remind subsequently produced documents responsive to those terms prior to October 25, 2016. (Dkt. No. 1-1 at 14.) Plaintiff, however, found such disclosures lacking, identifying certain information that she believed was missing[2] and demanding again that Remind produce Kravitz's entire message history. (Dkt. No. 5 at 7.) Additionally, the parties dispute what constitutes "account information." Remind communicated to plaintiff that "account information" included only the user's email address or

---

[2] At the hearing, plaintiff indicated that she had records of certain text messages from Kravitz that were not included in Remind's disclosures, thus casting into doubt the completeness of Remind's searches. Magistrate Judge Ryu and the parties identified the potential issue thus: Remind users can send texts either to other Remind users using their name or to non-Remind users using their phone number. When a text message is sent to a non-Remind user, therefore, a search using that person's name would not necessarily produce text messages sent to that person. Rather, the search must be based on the phone number to which the Remind user was sending the message. Additionally, Remind allowed users to send group texts, and there was some indication that the search was not producing group messages. (Dkt. No. 25 at 10–11; 19–20.)

2

phone number, whereas plaintiff requested more data including the date he opened his account, his device type, and the operating system Kravitz used. (Dkt. No. 1-1 at 12–13.)[3]

Magistrate Judge Ryu provided plaintiff the following relief:

> Counsel for Remind shall investigate whether Remind can search M. Kravitz's message history with non-Remind users. If possible, Remind shall produce transcripts of Kravitz's message history with Plaintiff's phone number (provided at hearing) and Miguel Morel's phone number (to be provided by Plaintiff to Remind's counsel) for the time period 6/30/2015 through 2/1/2016. Remind shall include transcripts of messages from Kravitz to Morel even where Morel was not the only recipient (i.e., where Morel was a recipient of a group message from Kravitz). Remind's counsel shall communicate directly with Plaintiff regarding a reasonable timeline for production, and Remind shall authenticate any information produced to Plaintiff in accordance with the court's order. Remind shall also produce the phone number and email address associated with Kravitz's Remind account.

(Dkt. No. 20 at 1.) Remind represents that it has fully complied with Magistrate Judge Ryu's order and has produced the "message history with the two named individuals." (Dkt. No. 23 at 3.)

## II. LEGAL STANDARD

District courts review a magistrate judge's factual determinations for clear error, and "the district court may only set aside those factual determinations if it is left with a "definite and firm conviction that a mistake has been committed." *E.E.O.C. v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (quoting *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010)). "[T]he magistrate's legal conclusions are reviewed *de novo* to determine whether they are contrary to law." *Id.* (quoting *Perry*, 268 F.R.D. at 348).

"When a discovery order centers on a magistrate's determination of relevance, 'the standard of review in most instances is not the explicit statutory language, but the clearly implicit standard of abuse of discretion.'" *Id.* at 484–85 (quoting *Geophysical Sys. Corp. v. Raytheon Co., Inc.*, 117 F.R.D. 646, 647 (C.D. Cal. 1987)). District courts should not disturb the magistrate judge's relevance determination except where based on "an erroneous conclusion of law or where

---

[3] At the April 27, 2017 hearing, plaintiff agreed that the disclosure of Kravitz's phone number and email address would be sufficient. (Dkt. No. 25 at 17.) Remind represents that it has since produced the same to plaintiff.

3

1 the record contains no evidence on which [the magistrate] rationally could have based that decision." *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999).

**III. DISCUSSION**

**A. Motion to Transfer**

Federal Rule of Civil Procedure 45(f) provides thus: "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." "The proponent of transferring the motion to the issuing court bears the burden of showing 'exceptional circumstances.'" *Music Grp. Macao Commercial Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 984 (N.D. Cal. 2015) (citation omitted). "'The prime concern' in deciding Rule 45(f) transfer motions 'should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." *Id.* (citing Fed. R. Civ. P. 45(f) advisory comm. notes to 2013 amends.).

Here, Remind does not consent to transfer of the motion. Thus, plaintiff bears the burden of demonstrating that exceptional circumstances existed for transferring such motion to the SDNY. In her motion for transfer, plaintiff argued only that (i) Remind has enough resources to defend the action in New York and (ii) the presiding judge in the SDNY is more familiar with the action. (Dkt. No. 5 at 3.) Magistrate Judge Ryu found such arguments unconvincing. (Dkt. No. 25 at 2:20–24.)

Plaintiff now raises arguments that were not before Magistrate Judge Ryu. Specifically, plaintiff argues that Remind's refusal to provide all of the information she seeks constitutes a violation of New York's Freedom of Information Law ("FOIL"). Additionally, plaintiff argues that she intends to amend her complaint in the SDNY action to add a conspiracy claim against Remind.

Plaintiff does not persuade. First, plaintiff never raised such arguments before Magistrate Judge Ryu and cannot for the first time do so here. *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638–639 (9th Cir. 1988) (holding that arguments raised for the first time to the district court reviewing a magistrate's report were waived explaining that the "Magistrates Act

4

was [not] intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court"), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992). Second, even if such arguments were not waived, plaintiff fails to explain why such would constitute exceptional circumstances. If plaintiff can render Remind as a proper party in her pending action, she can obtain discovery from Remind in that forum at that time within that context. Plaintiff's arguments here do not displace Remind's interest, as a nonparty, in avoiding the burdens of participating in litigation in New York.

Accordingly, the Court **DENIES** plaintiff's motion for relief from Magistrate Judge Ryu's order denying her motion to transfer.

### B. Motion to Compel

Plaintiff's subpoena sought Kravitz's entire message history using the Remind application from June 30, 2015 through February 1, 2016. (Dkt. No. 5 at 4.) As previously discussed, Remind had provided plaintiff with some discovery in this regard, but plaintiff complained that such discovery was insufficient. At the hearing, Magistrate Judge Ryu compelled Remind to address specific issues raised by plaintiff, but did not compel Remind to produce all of Kravitz's message history. (Dkt. No. 20.)

Plaintiff now argues that such order violates FOIL and Federal Rule of Civil Procedure 26(g)(B)(i), which provides that any discovery request, response, or objection must be consistent with the federal rules and "warranted by existing law or by a nonfrivolous argument for extending, modifying, reversing existing law, or for establishing new law."

Plaintiff, again, does not persuade. In the first instance, plaintiff did not raise such arguments before Magistrate Judge Ryu, and has, therefore, waived them as above. In any event, as plaintiff herself concedes, the public cannot make FOIL requests upon Remind because it is not a public entity. (Dkt. No. 21 at 4); *see also Beechwood Restorative Care Ctr. v. Signor*, 842 N.E.2d 466, 469 (N.Y. 2005) ("The Legislature enacted FOIL to provide the public with a means of access to *governmental records* . . . ." (emphasis supplied) (citation omitted)). Thus, FOIL does not govern plaintiff's discovery requests against Remind here.

5

Rather, Federal Rule of Civil Procedure 26(b) governs the scope of plaintiff's discovery requests. Specifically:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b). Plaintiff has not demonstrated that her request for all of Kravitz's message history from Remind satisfies the proportionality standard established in the Federal Rules of Civil Procedure.

The Court, therefore, finds no grounds upon which to disturb Magistrate Judge Ryu's order granting in part and denying in part plaintiff's motion to compel. If Remind's disclosures pursuant to that order remain lacking, plaintiff may seek further discovery from Remind, consistent with the Federal Rules of Civil Procedure.

Accordingly, the Court **DENIES** plaintiff's motion for relief from Magistrate Judge Ryu's order regarding her motion to compel.

## IV. CONCLUSION

For the aforementioned reasons, the Court **DENIES** plaintiff's motion for relief from a nondispositive order.

This Order terminates Docket Number 21.

**IT IS SO ORDERED.**

Dated: July 17, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**